SUMMARY ORDER
This case returns to us upon a remand pursuant to the rule of United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994). Defendant-appellant Ramiro Rodriguez was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and a kilogram and more of heroin, in violation of 21 U.S.C. § 846, and was sentenced principally to 120 months' imprisonment and five years of supervised release. Defendant appealed and we remanded the case to the District Court to determine whether the government had met its obligations under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), in connection with defendant Patricia Lopez’s pre-trial statements and testimony at trial. In an order entered on March 12, 2008, Judge Sweet concluded that' the government had not violated its Brady and Giglio obligations by withholding the content of Lopez’s pretrial statements. Defendant’s appeal challenges the District Court’s conclusion. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Defendant argues that (1) he was denied his right to a fair trial by the government’s failure to disclose to the defense the substance of a prosecution witness’s pre-trial statements and (2) that the District Court erred in determining that the government’s withholding of those statements was not material and therefore did not prejudice defendant.
Substantially for the reasons stated by the District Court in its careful and well-reasoned opinion, United States v. Rodriguez, 538 F.Supp.2d 674 (S.D.N.Y.2008), we conclude that the government did not violate its obligations under Brady or Gig-lio.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.